Filed 2/19/25  P. v. Solano CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>OSCAR MARTIN SOLANO,<br><br>    Defendant and Appellant. | B338000<br><br>(Los Angeles County<br>  Super. Ct. No. KA064472) |

APPEAL from a postconviction order of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Judge.  Affirmed.

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Oscar Martin Solano appeals from a postconviction order summarily denying his petition for resentencing under Penal Code section 1172.6.[1] Following his appointment, appellate counsel filed a brief raising no issues and requesting that we proceed under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Defendant has filed his own supplemental brief requesting an evidentiary hearing to introduce new evidence establishing his factual innocence. We affirm.

## BACKGROUND

In 2004, defendant and his co-defendant Gonzalo Alarcon were charged with two counts of murder and one count of attempted premeditated murder. The information alleged a multiple-murder special circumstance (§ 190.2, subd. (a)(3)) on both murder counts, and it alleged gang and firearm enhancement allegations on all three counts (§§ 186.22, subd. (b)(1), 12022.53, subds. (b)-(d), (e)).

At the close of evidence at trial, the court granted co-defendant Alarcon's motion for full acquittal (§ 1118.1). During a discussion about jury instructions, the court amended the information to add the allegation on all counts that defendant personally used and discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)). The court struck the remaining firearm allegations. The court instructed the jury on principles of deliberate and premeditated murder; willful, deliberate, and premeditated attempted murder; the multiple-

---

[1] All subsequent references to statutes are to the Penal Code unless otherwise indicated.

murder special circumstance; and the intentional and personal discharge of a firearm. (CALJIC Nos. 8.10-8.11, 8.20, 8.66-8.67, 8.80.1, 8.81.3, 17.19.5.)[2] The court did not instruct the jury on principles of felony murder, the natural and probable consequences doctrine, or aiding and abetting.

The jury found defendant guilty as charged, found both murders to be of the first degree, and found the attempted murder was committed willfully, deliberately, and with premeditation.[3] On all three counts, the jury found the multiple-murder special circumstance and gang enhancement allegations true, and it found defendant "personally and intentionally discharged a firearm, a handgun, which proximately caused great bodily injury or death" to all three victims. Defendant was sentenced to two terms of life without the possibility of parole for special-circumstance murders, a consecutive term of 15 years to life for attempted murder, and three terms of 25 years to life for the firearm use findings.[4]

---

[2] The instruction on premeditated murder provided in relevant part: "If you find that the killing [in counts 1 and 2 were] preceded by a clear, deliberate intent on the part of *the defendant* to kill, which was the result of deliberation and premeditation, . . . it is murder of the first degree." (CALJIC No. 8.20, italics added.)

With acceptance of counsel for both parties, one of two instructions on the multiple-murder special circumstance allegation clarified, "Only murders wherein defendant Solano was the actual killer count toward the multiple murder special circumstance." (CALJIC No. 8.81.3.)

[3] In light of the jury's verdicts and findings, we find it unnecessary to discuss the underlying facts of each conviction.

[4] The court imposed and stayed 10-year terms of imprisonment on each count for the gang enhancement finding.

This court affirmed defendant's convictions on direct appeal. (*People v. Solano* (Jan. 31, 2006, B180848) [nonpub. opn.] pp. 2, 8 (*Solano I*).)

In July 2023, defendant filed a form resentencing petition (§ 1172.6) to vacate his murder convictions.[5]  The petition alleged defendant was convicted "pursuant to the felony murder rule or the natural and probable consequences doctrine," and "could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, . . . ."  Finding defendant's petition facially sufficient, the court appointed counsel and received briefing from the parties.

In its brief, the People opposed defendant's resentencing request, arguing the jury convicted him of both murders as the actual killer who acted with the intent to kill.  In support, the People attached *Solano I*, jury instructions given at trial, and the verdict forms to its brief.  In reply, defendant argued the People failed to demonstrate his "per se" ineligibility for resentencing for murder *and* attempted murder.

Following a March 2024 hearing on defendant's petition, the court found defendant "has not met his burden for a prima facie case.  In this matter, the jury . . . was not instructed on felony murder, natural and probable consequences, or any other theory of culpability that imputed malice" to defendant.  On the contrary, defendant "was prosecuted as the actual perpetrator who acted with actual malice. . . ."  The court summarily denied the petition.  Defendant timely appealed.

Defendant's appointed counsel filed a brief requesting this court independently review the record for error pursuant to

---

[5]     The form petition did not list attempted murder as an offense for which defendant sought resentencing or relief.

4

*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.  In that case, our Supreme Court held that when appointed counsel finds no arguable issues in an appeal from the denial of a section 1172.6 petition, "(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter."  (*Id.* at pp. 231–232.)

We directed counsel to send the record and copy of the *Delgadillo* brief to defendant.  We also notified defendant of his right to respond within 30 days and his appeal could be dismissed if he failed to respond.  Defendant filed a supplemental letter brief requesting "an evidentiary hearing to make a factual record of the evidence that was not presented" at trial or at the 1172.6 proceedings that demonstrates his factual innocence.

## DISCUSSION

Under *Delgadillo*, if an appellant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

Defendant contends he is factually innocent of all charges. He attached the following to his supplemental brief: (1) a letter by the District Attorney's office suggesting "the conviction[s] in [his] case will be reviewed" pursuant to his conviction review request; (2) the declaration of a man named Manuel Ayala who claims responsibility for the shooting "to clear [his] own conscience of [defendant] being unjustly imprisoned;" and (3) the

5

declaration of co-defendant Alarcon attesting to the validity of statements appearing in the Ayala declaration.

Section 1172.6 provides a resentencing proceeding for persons previously convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter. . . ."  (§ 1172.6, subd. (a).)

Section 1172.6 prescribes two threshold questions for evaluating a petitioner's eligibility for relief before ordering an evidentiary hearing, the very relief defendant seeks here. (§ 1172.6, subds. (c), (d)(1); see *People v. Lewis* (2021) 11 Cal.5th 952, 960–962 (*Lewis*).)  First, the trial court must determine whether the petition is facially sufficient pursuant to section 1172.6, subdivisions (a) and (b).  (*Lewis*, *supra*, at p. 960.)  If the petition meets these requirements, the court must appoint counsel (if requested), receive briefing from the parties, and "determine whether the petitioner has made a prima facie case for relief."  (§ 1172.6, subd. (c).)

At this prima facie stage, the trial court may deny the resentencing petition without ordering an evidentiary hearing if the record of conviction establishes the petitioner's ineligibility for relief as a matter of law.  (*People v. Curiel* (2023) 15 Cal.5th 433, 459–460 (*Curiel*); *People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).)  The record of conviction often includes the charging document(s), jury instructions, and jury verdict form(s).  (*Curiel*, *supra*, at p. 452.)

The record of conviction in this case conclusively establishes defendant's ineligibility for relief.  The jury

6

instructions and verdict forms do not reflect the felony murder doctrine, the natural and probable consequences doctrine, or any theory of imputed malice. The only theory on which defendant was convicted, both for murder and attempted murder, was based on defendant directly perpetrating the murders and attempted murder. These theories, which remain valid despite changes in the law, render defendant ineligible for relief as a matter of law. (*People v. Garcia* (2022) 82 Cal.App.5th 956, 973 [murder]; *People v. Lee* (2023) 95 Cal.App.5th 1164, 1191 [attempted murder].) They also demonstrate defendant was not convicted of murder or attempted murder "'*because of* changes'" to the law of murder, an additional requirement prescribed under section 1172.6, subdivisions (a) and (b). (*Strong, supra,* 13 Cal.5th at p. 712, italics added.)

Defendant challenges the factual bases on which his convictions are based. "The mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings. To the contrary, '[n]othing in the language of section [1172.6] suggests it was intended to provide redress for allegedly erroneous prior factfinding . . . . The purpose of section [1172.6] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a [factual] do-over . . . .' [Citation.]" (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.)

To the extent defendant seeks to introduce new evidence not previously considered at trial, he may do so through other procedures. (See *People v. Clayton* (2021) 66 Cal.App.5th 145, 157 [noting "existing statutory procedures for obtaining relief for a factually innocent defendant" and upholding the Legislature's

intent "to honor prior jury findings" in section 1172.6 proceedings]; see also § 1473, *In re Hall* (1981) 30 Cal.3d 408, 417.)

## DISPOSITION

The postconviction order is affirmed.


MORI, J.

We concur:


CURREY, P. J.


ZUKIN, J.

8